

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Mr. Geo. A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

> Opinion Number O-3098
> Re: Authority of the Board of County
> and District Road Indebtedness,
> under the provisions of H. B.
> 688, to make bonds of Limestone
> County Road District #18 eligible
> for participation on authority of
> nunc pro tunc order entered by the
> State Highway Commission January
> 13, 1941.

We acknowledge receipt of your letter of January 27, which is hereafter copied in full, requesting our opinion as to whether or not under such nunc pro tunc order the road bonds of Road District #18, Limestone County, can be made eligible for participation in the funds allocated to the Board of County and District Road Indebtedness for the retirement of debt.

"Limestone County Road District No. 18 issued $100,000.00, 5½% Bonds dated July 15, 1919 and expended the proceeds in the construction of a road from Mart to Ben Hur, to Groesbeck. After the completion of the road various interested groups appeared before the Highway Commission from time to time in an effort to have the road designated.

"On August 14, 1933 the Highway Commission passed the following Minute No. 7997:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Geo. A. Hight, page #2

### State Highway No. 164

"**August 14, 1933 - Minute 7997**   In McLennan
and Limestone Counties it is ordered by the Com-
mission that application for designation from
Groesbeck to Mart be granted on condition that
counties affected will furnish not less than 100'
right-of-way on location to be approved by the
State Highway Engineer, and on further condition
that McLennan County will construct, at its own
cost, on the approved location, a 20' road from
Hy.#6 to the Limestone County line, and with the
further understanding that the Hwy. Dept. will
make the location to Groesbeck but will not con-
struct said road until funds are available.

"In compliance with the above Minute, the en-
gineering staff of the Hwy. Dept. located a road
from Mart to Groesbeck on an entirely new loca-
tion and requested the County to furnish deeds
to the right-of-way, which they did, and the High-
way Dept. proceeded with the construction of the
base and drainage structures.

"Following the enactment of House Bill 688 Lime-
stone County filed a claim for expense incurred in
the construction of the old location which ran from
Mart to Ben Hur, to Groesbeck.  This claim was de-
nied on the grounds that the old location was not
a designated Highway.  The County then secured
letters from Mr. D. K. Martin and Mr. John Wood,
members of the Highway Commission at the time
Minute No. 7997 was passed, (copies attached),
and other supporting data which they presented
to the Highway Commission in the application for
a Nunc Pro Tunc order.

"On January 13, 1941 application for Nunc Pro
Tunc order was heard and the following order was
passed as of that date:

Mr. Geo. A. Hight, page #3

" 'WHEREAS, Honorable Carl Cannon, County Judge, Limestone County, Scott Reed, E. L. Connally, and Wess Popejoy, County Commissioner, Precinct No. 3, Limestone County, appearing in behalf of Limestone County, represent to this Commission that on August 14, 1933, the old road extending from Mart to Groesbeck via Ben Hur in Limestone County, was by Minute No. 7997 designated as a highway on the road system of the State; and

" WHEREAS, it is further represented to this Commission that direction, warning, and other signs and markers were erected and maintained upon the said highway by the Highway Department; and

" WHEREAS, in a letter from Honorable John Wood, Chairman of the Highway Commission in 1933, to Honorable Carl Cannon, dated June 21, 1940, Mr. Wood states that it was his intention and that he felt sure it was the intention of all Members of the Highway Commission to designate the old road from Mart to Groesbeck via Ben Hur at the time Minute No. 7997 was passed; and

" WHEREAS, Honorable D. K. Martin who was a member of the said Commission at that time, in a letter to Honorable W.A.Keeling, dated Cotober 21, 1940, stated that in the passage of Minute No. 7997 on August 14, 1933, it was his intention that the old road from Mart to Groesbeck via Ben Hur be designated as a State Highway; and

" WHEREAS, it further appears that Minute No. 7997, passed by the Commission on August 14, 1933, may have been construed by the Highway Department to be the designation of a new highway on a new location between Mart and Groesbeck and not as a designation of the then existing road; and

Mr. Geo. A. Hight, page #4

" WHEREAS, since such time the rights of no
other parties have intervened;

" THEREFORE, to correct such error so that
the records of this body may clearly reflect the
truth of the matters involved;

" IT IS ORDERED THAT it was the declared in-
tention and purpose of the Commission as then
constituted, by the passage of Minute No. 7997
on August 14, 1933, to designate the old road
from Mart to Groesbeck via Ben Hur as a part of
the State Highway System;

" BE IT FURTHER ORDERED THAT such intention
of designation of such road by the passage of
Minute No. 7997, and this order declaring such
intention, be entered upon the minutes of this
Commission, nunc pro tunc, as of August 14, 1933,
and as so entered shall be as effective as if
this clarification and expression of intention
had actually been entered on such minutes on the
date last mentioned above.

" I, M. L. Wiginton, Secretary of the State
Highway Commission of Texas do hereby certify
that the above and foregoing is a true and cor-
rect copy of Minute passed on January 13, 1941,
as the same appears of record in the records of
Official Minutes of the State Highway Commission
of Texas.

E Witness my hand and official seal this 14th
day of January, 1941.

(signed) M.L.Wiginton,Secretary
Texas Highway Commission'

Mr. Geo. A. Hight, page #5

" Please advise this Board whether or not under the provisions of House Bill 688 and the authority of the above Nunc Pro Tunc order Limestone County Road District No. 18 Bonds dated July 15, 1919 are eligible for participation."

The authorities of this jurisdiction and those of other States present a solid front of uniformity as to the office of a nunc pro tunc order. Of course the authorities hereinafter cited refer to courts, but we know of no reason why the application to courts should be any more restricted than to boards or commissions created by statute. In the instant matter we think the rules and authorities governing the office of a nunc pro tunc order are equally as applicable to the Highway Commission as to the judiciary.

Literally, "nunc pro tunc" means now for then. Its office is not to make an order now for then but to enter now for then an order previously made. In the case of Gulf Colorado & Santa Fe Ry. Co., v. Banty, 285 S. W. 896, the court said:

"An entry 'nunc pro tunc' presupposes a judgment actually rendered by the court but not entered by the clerk."

A nunc pro tunc entry is one made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court but to supply an omission actually had but omitted through inadvertence or mistake. The following cases uniformly announce this principle: Perkins v. Hayward, 31 N.E. 670; Kern v. Sample, 206 N. W. 532; Marker v. Gillam, 196 Pac. 126; Cannon v. Oklahoma Engraving & Printing Co., 249 Pac. 300.

A nunc pro tunc entry can only be made upon evidence furnished by the papers and filed in the cause, or something

Mr. Geo. A. Hight, page #6

of record, or in the minute book or judge's docket, as a basis to amend by. The stenographer's notes of proceedings in an action do not constitute a paper on file in the cause which can be made the basis of an amendment of a judgment nunc pro tunc. See case of Becher v. Deuser, 69 S. W. 363; MK & E Ry. Co, v. Holschlag, 45 S. W. 1101; Young v. Young, 65 S. W. 1016.

In the recent case of Arrington et al v. McDaniel et al., 25 S. W. (2d) 295, by the Commission of Appeals, Section A, opinion adopted by the Supreme Court of the State of Texas, we find this statement:

"A nunc pro tunc order attempting to correct or amend a judicial mistake and not a mere clerical error or mistake in entry of judgment would be unauthorized and beyond power of court to enter."

This same principle finds approval in the cases of Burnside v. Wand, 71 S. W. 337; Wilmerding v. Corbin Banking Co., 28 So. 640.

The purpose of a nunc pro tunc entry or order and its only legitimate function is to correctly evidence upon the record of the court a judgment, decree or order actually made by it, but which for some reason has not been entered of record at the proper time. The Finnegan Brown Company v. Escobar, 192 S. W. 256, and Huggins v. Johnston, 3 S. W. (2d) 937.

A careful study of the action of the Highway Commission on August 14, 1933, wherein Minute #7997 was adopted and the steps taken pursuant to that Minute, when taken in connection with the action of the Highway Commission on January 13, 1941, wherein said nunc pro tunc order was adopted, leads us to the conclusion that said order is an attempt to correct or amend Minute #7997, adopted on August 14, 1933, and under the authority of the case above quoted, Arrington et al v. McDaniel, 25 S. W. (2d) 295, such order would be ineffective to accomplish its object.

Mr. Geo. A. Hight, page #7

Your attention is directed to that portion of the nunc pro tunc order which reads as follows:

"It is ordered that it was the declared intention and purpose of the Commission as then constituted by the passage of Minute #7997 on August 14, 1933, to designate the old road from Mart to Groesbeck via Ben Hur as a part of the State Highway System;"

We do not think the above quoted portion of said nunc pro tunc order sufficient to take it out of the above cited authorities. It clearly appears from a reading of Minute #7997, and the letters of the former Commissioners, that at the best they only intended to designate said road as a State Highway, but there is no finding to the effect that said road actually was designated and that through error the Minute did not so reflect.

The steps taken by the engineering staff of the Highway Department pursuant to Minute #7997, as well as those taken by the county in furnishing deeds to the right-of-way on an entirely different location seem plainly opposed to the conclusion that Minute #7997 did not represent the judgment and order of the Commission at that time. An anomalous situation would have been presented had the Commission designated the road from Groesbeck via Ben Hur to Mart as a State Highway, and then proceeded to expend large sums of money on another location in constructing a base and drainage structure following the county's furnishing to the State deeds to the right-of-way on the new location. The action of the county in furnishing the deeds to the right-of-way on the location selected and approved by the State Highway Engineer pursuant to Minute #7997 justifies the conclusion that the county interpreted this order of the Highway Commission to mean nothing more nor less than that the highway which they had sought was to be the one constructed on right-of-way furnished by it. In other words, we must conclude that the order entered by the Commission - that is, Minute #7997 - clearly represented the judgment of the Commission at that time and that an intention to have done otherwise cannot constitute the basis of an amendment to be entered at this time nunc pro tunc.

Mr. Geo. A. Hight, page #8

Replying to your question, we advise that in our opinion Limestone County Road District #18 bonds, dated July 15, 1919, the proceeds of which were expended in the construction of the old road running from Groesbeck via Ben Hur to Mart are not eligible for participation in the funds accruing to the Board of County and District Road Indebtedness, under the provisions of H. B. 688. Of course we reach this conclusion by reason of our determination that the nunc pro tunc order entered by the Highway Commission on January 13, 1941, is ineffectual and cannot legally accomplish an amendment of Minute #7997 adopted by the Highway Commission on August 14, 1933.

Your attention is respectfully directed to our Opinion Number O-1942, addressed to Mr. G. A. Hight, Chief Accountant, Board of County and District Road Indebtedness, wherein it was concluded that no road could become a part of the State Highway System until same had been formally taken over for maintenance purposes by the Highway Department, and that until such event the Board was not authorized to make the bonds issued therefor eligible for participation in the funds accruing to the Board. Accordingly, it must be said that even assuming the nunc pro tunc order above mentioned could effectively amend the original minutes, the Board would be under the duty to ascertain the date on which such road officially and formally became a part of the State Highway System before the bonds could be made eligible for participation, under the terms of H. B. 688.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED FEB 26, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe

Clarence E. Crowe
Assistant

CEC-s

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN